# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00136-CV

**William Arnett Hall, Appellant**

**v.**

**Harris County, Texas; Mary Bacon, Denise Crawford and Terrance Windham, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-06-001806, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On May 6, 1986, the 338th district court of Harris County found appellant William Arnett Hall guilty of sexual assault and sentenced him to life imprisonment. On May 22, 2006, Hall sued appellees Mary Bacon and Denise Crawford, the respective judge and prosecutor of the 338th district court at the time of his conviction, appellee Terrance Windham, Hall's court-appointed defense attorney, and appellee Harris County for alleged wrongs resulting from the prosecution. After Hall obtained service on Crawford and Windham, Crawford moved to dismiss the claims against her for having no arguable basis in law or fact. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002). Crawford also moved to dismiss on the grounds that Hall, an inmate, failed to file the required declaration of previous pro se suits. *See id.* § 14.004. On October 19, 2006, the trial court granted Crawford's first motion by dismissing Hall's claims against her with prejudice. In the same order the trial court granted Crawford's motion to dismiss pursuant to section 14.004 of the Texas Civil Practice and Remedies Code. Hall appeals the order.

In general, a party can only appeal from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Any other appeal must be authorized by statute. *See id.* An order given without a trial on the merits is not a final judgment in the context of an appeal unless it actually disposes of every party and claim or it clearly and unequivocally states that it disposes of all parties and claims. *Id.* at 205.

The order from which Hall appeals does not mention any defendant other than Crawford, stating, "that plaintiff William Arnett Hall take nothing from Crawford; and that any and all relief sought from or against Crawford in the instant case is denied." Language stating that the plaintiff take nothing from only one defendant does not show finality when there are multiple defendants in the suit. *See id.* The order also, when granting dismissal under section 14.004 of the Texas Civil Practice and Remedies Code, grants dismissal of "Hall's petition" with no other qualifiers so that it is unclear whether the trial court also dismissed Hall's petition with respect to the rest of the parties. Thus, we cannot say that the order clearly and unequivocally states that it disposes of all parties and claims.

We could still have jurisdiction over Hall's appeal if the order actually disposes of all parties and claims. When questioned to that effect by this Court,[1] Hall responded in a letter dated May 7, 2007, "NO I do not believe that the said judgment is final and or do [sic] it effect [sic] the other defendants in no [sic] way." Because Hall admits that the order from which he appeals does not dispose of all parties and claims, the order is not a final judgment. Thus, this Court does not have jurisdiction to hear Hall's appeal unless an appeal from the order is authorized by statute. The relevant statute only authorizes the appeal of certain categories of interlocutory orders, and Hall's

---

[1] *See* Tex. Gov't Code Ann. § 22.220(c) (West 2004).

2

order does not fit within any of them.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2006).

Because Hall has not obtained an appealable interlocutory order or a final judgment in his cause, we must dismiss his appeal for want of jurisdiction.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:   October 17, 2007